No. ——

First Circuit Appeal

MRS. JEANNETTE ROOS HAAS v. GOETZ AND LAWRENCE

(June 30, 1925. Opinion and Decree.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Negligence—Par. 17 41.**

While walking on a dredge boat, there was a crash due to the breaking of an eye-bolt and two men were caught by a swinging wire cable and maimed. One man afterwards died of his injuries. Held: That the cause of the accident could not be traced and consequently no fault of the owners of the dredge boat could be shown.

(Civil Code, Art. 2315. Editor's note.)

Appeal from the Thirteenth Judicial District Court, Parish of St. Landry, Hon. B. H. Pavy, Judge.

This is a suit to recover damages for personal injuries and death. There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

John W. Lewis, of Opelousas, attorney for plaintiff, appellant.

J. Zach Spearing, of New Orleans, and Dubuisson, Perrault and Burleigh, of Opelousas, attorneys for defendant, appellee.

LECHE, J.  On September 27, 1922, while plaintiff's husband was visiting a dredge boat which was being operated in a canal, he was by the breaking of part of the equipment, so severely injured that he died a few days thereafter.  The present suit is for damages and is brought against Goetz & Lawrence, alleged to be the owners of the dredge boat and subcontractors engaged in excavating the canal.

This work was being done as part of a drainage system under the authority of the Bayou Boeuf and Waxia Drainage District Board of Commissioners.  The board had entered into a contract with the Louisiana Construction Works to excavate a canal for drainage purposes.  Dr. Haas, husband of plaintiff, was a member of the partnership constituting the Louisiana Construction Works.  George E. Moore & Co., subcontracted with the Louisiana Construction Works and assigned their subcontract to Goetz & Lawrence, a partnership domiciled in the City of Shreveport and defendant in the present suit.

Goetz & Lawrence entered unto a contract with Savant & Perkins to take charge of and manage the dredge boat.  The latter contract plays an important part in the companion suit of Savant against these same defendants and is to be found at page 00 of the transcript.  Savant seems to have been the general manager and the man in charge of the dredge boat when the accident happened.

On the 27th of September, Savant, Dr. Haas, Beall and one or two others visited the boat which was then located in a canal in an almost unpenetrable swamp.  Savant and Dr. Haas were taken from the bank of the canal to the dredge, in a boat of some kind, and having embarked on the aft of the dredge boat walked along its left side towards the front where the operating machinery was located.  Just as they neared a point forward of the middle, on the left side, there was a crash and both men were caught by a swinging wire cable.  They were both seriously maimed and injured and Dr. Haas died a few days later from his injuries.

The important and in fact the sole question in the case is whether the accident occurred from the fault, negligence or want of care of the defendants, Goetz & Lawrence.

The cable by which the excavating spoon was controlled was held in place on the movable boom by an eye-bolt and the breaking of this eye-bolt loosened the cable which swung around, caught Dr. Haas and caused the injury from which he died.  The concrete question is what caused the eye-bolt to break.  Upon that point, testimony has been elicited from six witnesses.  No one of these witnesses pretends to account positively for the breaking of the eye-bolt.  Most of this testimony is opinion evidence.  Some of the witnesses advance theories which might explain the breaking.  Crystallization of the metal, whatever that may be, is one theory and another is that the operator of the dredge might have submitted the cable to a sudden and violent jar.  An expert engineer says that the lifting capacity of the eye-bolt and rigging was 180,000 pounds and that the ordinary weight of the dipper was from 15,000 to 20,000 pounds.  It further appears that the spoon at the end of the dipper was empty at the time the eye-bolt was broken.  The mechanic who was in control, says that in operating the dipper, the cable was not submitted to any unusual strain or jar at the time of the accident.  The theory of crystallization is even less supported by the testimony than that of sudden strain or jarring.  These theories may or may not be correct but it is not denied or controverted that no one knows the precise cause of the break, that the eye-bolt was of standard manufacture and of such material, size

and quality as is used by all dredge-boats operated in similar work. That previous inspection could not have disclosed any fault or weakness in its construction and that it had been inspected two days before the accident.

We do not consider that the testimony thus adduced on the trial of the case, supports the plea of negligence or want of care on the part of the defendants.

Plaintiff contends however, that even if the evidence fails to affirmatively disclose negligence, the same should be presumed under the doctrine of "res ipsa loquitur". But admitting for the sake of argument that doctrine as appropriate to the facts in this case, the presumption which it establishes, is rebuttable and in point of fact, it is rebutted by the testimony in the record.

Under Art. C. C., 2315, one can only be held liable where he is at fault. Defendants are not shown to have been at fault and are therefore not liable. The unfortunate event which caused the death of plaintiff's husband, the real cause of which cannot be traced and is not apparent, belongs to that class of occurrences which are designated as purely accidental.

The trial judge so found and his judgment is affirmed.